[Civ. No. 7010. Second Appellate District, Division One.—April 14, 1930.]

VIOLA L. DOUGLAS, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and JULIA L. KRUMMEL, Respondents.

F. Britton McConnell for Petitioner.

Edward O. Allen for Respondents.

YORK, J.—On petition for writ of review.

This is an application to annul an award in favor of one Julia L. Krummel against Viola L. Douglas, the Commission finding, as a basis for its award, that at the time of the injury which Miss Krummel undoubtedly sustained she was employed by the petitioner, Viola L. Douglas, as assistant manager of a bungalow court, and that both the employer

and the employee were subject to the Workmen's Compensation Act. (Stats. 1913, p. 831.)

This application to annul the award is based upon the contention of the said Viola L. Douglas that at the time of the injury which Miss Krummel sustained she was employed by petitioner as a domestic servant, or at least that the labor or work which she was performing at the time of her injury was that of a domestic servant only.

The undisputed evidence discloses the fact that at the time of her injury, which injury was occasioned by an automobile backing into her, the said Julia L. Krummel was proceeding back to the bungalow court after the purchase of some bread to be used on the table of the said Viola L. Douglas.

The Commission justifies its award on the ground that the said Julia L. Krummel was the assistant manager of the bungalow court, and that part of her compensation as such assistant manager was her board and lodging; that the bread which she was on her way to procure was bread which was to be used on the table where she was to receive her board, and therefore was part of her compensation for her services as assistant manager of the bungalow court, and that she was therefore collecting her compensation at the time of her injury on the public street.

This is a rather too far-fetched theory that the bread was to be a part or portion of her compensation. She was, as is disclosed by the evidence, also on a personal errand for herself, but was primarily making the trip to purchase bread to be used on her mistress' table, which duty was a part of her household domestic service, and therefore necessarily excluded from the provisions of the Workmen's Compensation Act. She was not injured while performing some duty in showing empty bungalows to prospective tenants, or in the care of or supervision of the bungalows rented by her employer.

The evidence beyond dispute shows that the only service she was attempting to render for her employer, when she received her injury, was securing bread, and this is necessarily limited to that part or that portion of her employment as a domestic servant only. We do not believe that the fact that she secured a portion of her wages by reason of her board being furnished to her by her employer could possibly

by any stretch of the law or the evidence herein justify the Commission in finding that she was at the time of her injury performing any service for her employer other than that of a household domestic servant.

The award is therefore annulled.

Conrey, P. J., and Houser, J., concurred.